[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 10, 1997
Facts
On August 31, 1990, the plaintiff, First Federal Bank, FFB,[1] filed a one count complaint against a number of defendants, including the defendant Vito Mazza. The plaintiff alleges that the defendants have defaulted on the payment of an unsecured promissory CT Page 12450 note in the amount of $250,000.
On February 1, 1991, Mazza filed his appearance. On January 9, 1997, the plaintiff filed a demand for disclosure of defenses against Mazza. On January 21, 1997, Mazza filed a disclosure of defense in which he set out ten special defenses. To date, Mazza has not filed an answer to the plaintiffs complaint. On January 22, 1997, the plaintiff filed a motion to strike the ten special defenses disclosed by Mazza on the ground that "such defenses are barred by the holder in due course doctrine . . ."
Discussion
Practice Book § 152 provides that a motion to strike may be used to contest "the legal sufficiency of any answer to any complaint . . . or any part of that answer
including any special defense contained therein . . ." (Emphasis added.)
Mazza's "Disclosure of Defense," filed on January 21, 1997, discloses ten special defenses. Mazza, however, has not yet answered the plaintiffs complaint; therefore, these defenses have yet to be asserted. "It is not the function of the court to pass summarily on the validity or legal sufficiency of the proposed defenses offered in the disclosure of defense if made in good faith . . . A motion to strike is not the proper vehicle to test the sufficiency of the disclosure of defenses." (Citations omitted; emphasis added; internal quotation marks omitted.) County of Fairfield Trust Co. v.Malloy, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 120289 (April 18, 1994) (Karazin, J.) (11 CONN. L. RPTR. 365,9 CSCR 554). See also Derby Savings Bank v. Benedetti, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050760 (April 23, 1996) (Curran, J.) (motion to strike cannot be directed at disclosure of defense; disclosure of defense not enumerated as a pleading which may be stricken); Citicorp Mortgage,Inc. v. Skoronski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 543129 (July 17, 1995) (Mulcahy, J.) (motion to strike cannot be directed at a disclosure of defense); Mountain BrookCT Page 12451Property Owners v. Saldamarco, Superior Court, judicial district of New Haven/Meriden at New Haven, Docket No. 356174, 12 CONN. L. RPTR. 512 (October 6, 1994) (Celotto, S.T.R.) (plaintiff's motion to strike defendant's disclosure of defense procedurally incorrect); but see GHRDC, Inc. v. Cummings, Superior Court, judicial district of Middlesex (April 12, 1995) (Aurigemma J.) (court granted plaintiffs motion to strike defendant's disclosure of defense on ground that defenses alleged therein were not valid defenses of plaintiff's action).
The Court rules that because Mazza's special defenses have not yet been asserted the plaintiffs motion to strike should be denied, based on the reasoning of the court in County of Fairfield Trust Co. v. Malloy,supra.
McMAHON, J.